## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| **CASEY GREGORY on Behalf of Herself and on Behalf of All Others Similarly Situated,** § § § § **Plaintiff,** § § **v.** § § **GOOSEHEAD INSURANCE AGENCY, LLC and GOOSEHEAD INSURANCE, INC.** § § § § **Defendants.** § | **CIVIL ACTION NO. 4:22-cv-908** **JURY TRIAL DEMANDED** |

### PLAINTIFF'S CLASS ACTION AND COLLECTIVE ACTION COMPLAINT

1. This is a "collective action" instituted by Plaintiff Casey Gregory as a result of Defendant Goosehead Insurance Agency, LLC's and Defendant Goosehead Insurance, Inc.'s (collectively "Defendants") practices and policies of misclassifying Plaintiff and other similarly situated employees as "exempt" and failing to pay them wages for all hours worked, including overtime compensation at the rate of one and one-half times their regular rate of pay for all the hours they worked in excess of 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. Plaintiff also brings this action as a "class action" pursuant to Fed. R. Civ. P. 23, to remedy violations of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq*.

### JURISDICTION AND VENUE

3. This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b), et seq.

1

4.  The Court has supplemental jurisdiction over Plaintiff's IMWL claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

5.  Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant's headquarters is located in this District.  Additionally, the decision to pay the Plaintiff and Class Members in the illegal manner described in this case Complaint was made in this District.

## PARTIES

6.  Plaintiff Casey Gregory is an individual who worked for Defendants in Rosemont, Illinois.  Her written consent to this action is attached hereto as Exhibit "A."

7.  The FLSA Class Members are all current and former account executives who worked for Defendants for at least one week during the three-year period prior to the filing of this action to the present.

8.  The Rule 23 Class Members are all current and former account executives who worked for Defendants for at least one week in Illinois during the three-year period prior to the filing of this action to the present.  The FLSA Class Members and the Rule 23 Class Members shall be collectively referred as the "Class Members."

9.  Defendant Goosehead Insurance Agency, LLC is a foreign limited liability company doing business in Texas.  Said Defendant may be served process by serving the Corporation Service Company at 211 E. 7th Street, Suite 620, Austin, TX 78701.

10. Defendant Goosehead Insurance, Inc. is a foreign corporation doing business in Texas.  Said Defendant may be served process by serving the Corporation Service Company at 211 E. 7th Street, Suite 620, Austin, TX 78701.

11. Personal jurisdiction exists over Defendants as each Defendant maintains its principal place of business in Texas and in this District. Additionally, Defendants are subject to personal jurisdiction before this Court because they have purposefully availed themselves of the privileges of conducting activities in Texas and established minimum contacts sufficient to confer jurisdiction. Defendants do business in Texas, employ residents of Texas, advertise in Texas, market to Texas customers, and the decision to pay Plaintiff and the Class Members in the illegal manner described in this Complaint was made in Texas. Therefore, the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process. Defendants also have had and continue to have continuous and systematic contacts with Texas sufficient to establish general jurisdiction over them.

12. At all material times, Plaintiff was employed by Defendants.

13. At all material times, Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. § 203(e).

14. At all material times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

15. At all material times, Defendants were an employer within the meaning of 29 U.S.C. § 203(d).

16. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), and have enjoyed yearly gross revenue in excess of $500,000.

17. Written consents to join this action, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

(**Misclassification as Exempt/Failure to Pay Overtime Compensation**)

18. Defendants operate a national insurance agency that Defendants have described as: "among the largest and fastest-growing personal lines insurance brokers in the country." (See https://www.goosehead.com/about/?t=w, last visited 10/20/2022).

19. To provide their services, Defendants employ "Account Executives." (https://www.goosehead.com/account-executive/, last visited 10/20/2022). Defendants state that the primary job duty of Account Executives is to "build a book of business." (*Id*.) This is the same primary duty for all Account Executives across the country. (*See id*.)

20. Defendants operate across the country and employ Account Executives in various states, including in Alabama, Arizona, California, Colorado, New York, Texas, and Illinois. (https://www.goosehead.com/agents/?t=w, last visited 10/20/2022). In fact, Defendants operate in 43 different States in the country. (*Id*.)

21. To "build a book of business," Account Executives primarily call Defendants' existing insurance policy holders. Account Executives answer questions for the policies holders, review the policies of existing consumers, and try to get the existing policy holders to purchase new policies. The policies were primarily automobile insurance policies and homeowner's insurance policies.

22. Account Executives are classified by Defendants as exempt from overtime and are not paid any additional wages when they work more than 40 more hours in a week.

23. From approximately June 2021 through July 2022, Plaintiff was employed by Defendants as an Account Executive in Rosemont, Illinois. Plaintiff was classified as exempt and was not paid any additional wages when she worked more than 40 hours in a week.

24. During her employment with Defendants, Plaintiff regularly worked more than 40 hours each week. Although she typically worked Monday through Friday, 8 am to 7 pm, she was required to work longer hours. She typically worked 50-60 hours each week. Again, she was classified as exempt from overtime and not paid any additional wages when she worked more than 40 hours.

25. Like Plaintiff, all other Account Executives were classified as exempt from overtime. That is, both the Plaintiff and Class Members were classified as exempt from overtime.

26. Like Plaintiff, Defendants required the Class Members to work more than 40 hours per workweek and did not compensate them for the overtime hours they worked as mandated by federal law and the IMWL.

27. There is no reasonable basis for Defendants to have classified Plaintiff and the Class Members as exempt from overtime.

28. None of the bona fide exemptions apply to the work Plaintiff and the Class Members during their employment with Defendants.

29. Plaintiff and the Class Members did not engage in management.

30. Plaintiff and the Class Members did not regularly supervise two or more employees.

31. Plaintiff and the Class Members did not have any authority to hire, fire, or promote other employees.

32. Plaintiff and the Class Members did not perform work directly related to the management or general business operations of Defendant. Instead, Plaintiff and the Class Members engaged in production work – to contact existing policy holders, discuss their policies with them, and try to get them to purchase new policies.

33. Plaintiff and the Class Members did not exercise discretion or independent judgment with respect to matters of significance. Instead, Plaintiff and the Class Members were required to follow strict policies implemented by Defendants and they had no discretion to deviate from those policies.

34. Plaintiff and the Class Members did not perform work requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.

35. Moreover, Plaintiff and the Class Members were not customarily or regularly engaged away from Defendants' places of business, nor did they perform any sales at Defendants' customers' place of businesses or homes. Instead, Plaintiff and the Class Members performed their work from their offices.

36. Defendants do not operate a retail or service establishment.

37. Plaintiff and the Class Members did not receive more than half their compensation from commissions on goods or services each week and each pay period.

38. Defendants failed to pay Plaintiff and the Class Members overtime compensation for all of the hours they worked over 40 each workweek.

**(Failure to Keep Accurate Records)**

39. Upon information and belief, Defendants failed to make, keep, and preserve records of the unpaid work performed by Plaintiff and the Class Members. The standard of proof articulated by the Supreme Court in *Mt. Clemens* applies to Plaintiff and the Class Members.

**(Defendants Willfully Violated the FLSA and IMWL)**

40. Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA and IMWL. Defendants are a large, sophisticated company. Defendants knew the

requirement to pay overtime. However, Defendants made the intentional decision not to pay overtime to Plaintiff and the Class Members or were reckless in making that decision.

## COLLECTIVE ACTION ALLEGATIONS

41. Plaintiff brings Count One of this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct.

42. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> All current and former Account Executive employed by Defendants for at least one week from three years prior to the filing of this suit to the present ("FLSA Class:).

43. Plaintiff is unable, at this time, to state the exact size of the potential FLSA Class, but upon information and belief, avers that it consists of more than 1,000 persons.

44. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA. In addition to Plaintiff, numerous current and former Account Executives are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

45. Plaintiff is similarly situated to all former and current Account Executives described in the above class as she and the class held the same position, had the same primary job duties and/or responsibilities, had the same job description, were paid under the same pay system, were misclassified as "exempt" employees, regularly worked over 40 hours in a workweek, were

not paid overtime compensation for the hours they worked over 40 in a workweek, and were subjected to the same pay practices, policies, and procedures.

46. Plaintiff has firsthand knowledge that other similarly situated current and former Account Executives of Defendants held the same position, had the same primary job duties and/or responsibilities, were paid under the same pay system, were misclassified as "exempt" employees, were not paid overtime compensation for the hours they worked over 40 in a workweek, and were subjected to the same pay practices, policies, and procedures.

47. The similarly situated current and former Account Executives are known to Defendants and are readily identifiable through Defendants' payroll records and employment records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

48. Although the exact amount of damages may vary among the similarly situated employees in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

## ILLINOIS CLASS ACTION ALLEGATIONS

49. Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf herself and all other members of the class (the "Illinois Class") defined as:

> All current and former Account Executive employed by Defendants for at least one week in Illinois from three years prior to the filing of this suit to the present ("Illinois Class").

50. The Illinois Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Illinois Class, but upon information and belief, avers that the class consist of more than 250 persons.

51. There are questions of law or fact common to the Illinois Class, including but not limited to the following:

    (a) whether Defendant failed to pay overtime compensation to its Account Executives for hours worked in excess of 40 each workweek;

    (b) Whether Plaintiff and the Illinois Class Members are exempt from overtime; and

    (c) what amount of monetary relief will compensate Plaintiff and other members of the Illinois Class for Defendant's violations of the IMWL.

52. The claims of the named Plaintiff are typical of the claims of other members of the Illinois Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant and are based on the same legal theories as the claims of the other Illinois Class members.

53. The named Plaintiff will fairly and adequately protect the interests of the Illinois Class. Her interests are not antagonistic to, but rather are in unison with, the interests of the other Illinois Class members. The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Illinois Class in this case.

54. The questions of law or fact that are common to the Illinois Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Illinois Class, listed above, are common to the classes as a whole and predominate over any questions affecting only individual class members.

55. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Illinois Class members to pursue their claims

individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Illinois Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE

### (Violations of the Fair Labor Standards Act)

56. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

57. Defendants' practice and policy of failing to pay Plaintiff and other similarly situated Account Executives overtime compensation at the rate of one and one-half their regular rate of pay for all of the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219.

58. By the acts and conduct described above, Defendants have violated and are in violation of 29 U.S.C. §207(a)(l).

59. Defendants' failure to keep accurate records of the hours Plaintiff and other similarly situated Account Executives worked each workday and workweek violated the FLSA, 29 C.F.R. § 516.2(a)(7).

60. By engaging in the above-mentioned conduct, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA.

61. Defendants are liable to Plaintiff and those similarly situated for unpaid overtime compensation in an amount to be determined at trial and all other damages, costs and attorney's fees provided by the FLSA.

62. Defendants have intentionally failed to pay Plaintiff and other similarly situated Account Executives the required overtime compensation for hours worked in excess of 40 per workweek.

63. Defendants' conduct in failing to pay required overtime compensation was willful and/or in reckless disregard of the rights of Plaintiff and those similarly situated.

64. Defendants are liable to Plaintiff and those similarly situated for unpaid overtime compensation in an amount to be determined at trial and all other damages, costs and attorney's fees provided by the FLSA.

## COUNT TWO

**(Violations of the Illinois Minimum Wage Law - Overtime Wages)**

65. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

66. This count arises from Defendants' violation of the IMWL, 820 ILCS 105/1, *et seq.*, for its failure to pay Plaintiff and the Illinois Class their earned overtime wages.

67. Defendants' failure to pay Plaintiff and similarly situated employees for all hours worked violated the overtime provisions of the IMWL, 820 ILCS 105/4a.

68. Defendants' practice and policy of failing to pay Plaintiff and other similarly situated Account Executives overtime compensation at the rate of one and one-half their regular rate of pay for all of the hours they worked over 40 each workweek violated the IMWL, 820 ILCS 105/4a.

69. By failing to pay Plaintiff and other similarly situated employees' overtime compensation, Defendants willfully, knowingly and/or recklessly violated the provisions of the IMWL.

70. Pursuant to 820 ILCS 105/12(a), Plaintiff and the Rule 23 Class Members are entitled to recover, *inter alia*, treble the amount the unpaid overtime compensation in an amount to be determined at trial, costs and attorney's fees, and damages of 5% of the amount of such unpaid compensation for each month following the date of payment during which such underpayments remain unpaid.

## JURY DEMAND

71. Pursuant to their rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Issue an order certifying the Illinois Class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

D. Award Plaintiff and the classes she represents actual damages for unpaid wages;

E. Award Plaintiff and the classes she represents statutory liquidated damages;

F. Award Plaintiff and the classes she represents pre- and post-judgment interest at the statutory rate;

G. Award Plaintiff and the classes she represents attorneys' fees, costs, and disbursements;

H. Award Plaintiff and the Illinois Class compensatory damages and all further and additional relief provided under the IMWL, including but not limited to treble the amount of the

unpaid wages found due to Plaintiff and the Illinois Class, as well as damages of 5% of the amount of each under payment of compensation for each month following the date payment during which such underpayments remain unpaid pursuant to 820 ILCS 105/12(a); and

I.   Award Plaintiff and the classes she represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

HODGES & FOTY, LLP

By: */s/ Don J. Foty*
Don J. Foty
Texas Bar No. 24050022
4409 Montrose Blvd., Suite 200
Houston, Texas 77006
Telephone: 713-523-0001
Facsimile: 713-523-1116
dfoty@hftrialfirm.com

And

Matthew S. Grimsley
Ohio Bar No. 0092942
(*pro hac vice motion forthcoming*)
Anthony J. Lazzaro
Ohio Bar No. 0077962
(*pro hac vice motion forthcoming*)
THE LAZZARO LAW FIRM, LLC
34555 Chagrin Boulevard, Suite 250
Moreland Hills, Ohio 44022
Telephone: 216-696-5000
Facsimile: 216-696-7005
matthew@lazzarolawfirm.com
anthony@lazzarolawfirm.com

Attorneys for Plaintiff and Class Members